UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIELLE AMARA SHAKUR,

                        Plaintiff,

          -against-

CASSANDRA VENTURA; SEAN COMBS;
BAD BOYS ENTERTAINMENT, LLC; POST
GRADUATE CENTER FOR MENTAL
HEALTH,

                        Defendants.

DANIELLE AMARA SHAKUR,

                        Plaintiff,

          -against-

KEHLANI ASHLEY PARRISH; CARESHA
BROWNLEE; EUGENE DEAL, ALSO
KNOWN AS GENE DEAL; SECURITAS
INCORPORATIONS,

                        Defendants.

25-CV-4718 (KMW)

25-CV-5063 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff filed these two actions *pro se* and *in forma pauperis* ("IFP"), alleging that Defendants are conspiring to violate her constitutional rights. The Court dismisses both actions for the reasons set forth below.

### STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint if the Court lacks subject matter jurisdiction over the claims raised.  *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in the original).  But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits–-to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

A.    ***Shakur v. Ventura*, No. 25-CV-4718 ("*Shakur I*")**

In *Shakur I,* Plaintiff filed an amended complaint against Cassandra Ventura, Sean Combs, Bad Boys Entertainment, LLC, and the Post Graduate Center for Mental Health, claiming that they violated her rights under the First Amendment, the Second Amendment, and the Fifth Amendment to the United States Constitution.[1]  (*Shakur I*, ECF 4 at 2.)  Plaintiff claims that Ventura and Combs have been conspiring with the Post Graduate Center for Mental Health, where Plaintiff resides, along with unspecified "hospitals," the New York Police Department and other "governmental agencies," to "prevent" her from testifying against them.  (*Id.* at 5.) According to Plaintiff, Combs and Ventura have been "violent figures in [her] life" and have

---

[1] The Court quotes from Plaintiff's submissions verbatim, and all spelling, grammar, and punctuation appear as in the originals unless noted otherwise.

"caused [her] an immense amount of anguish and emotional distress." (*Id.* at 5-6.) Plaintiff

claims that because of Ventura's lawsuit against Combs, Ventura and Combs have "access to a

network of police officers, medical professionals, and government officials" to "harass, taunt,

criminalize, and hospitalize" her, to "prevent" her testimony. (*Id.* at 6.) Plaintiff seeks $204

trillion in damages for "decades of terrorism, unlawful surveillance, and witness tampering."

(*Id.*)

**B.      *Shakur v. Kehlani*, No. 25-CV-5063 ("*Shakur II*")**

Plaintiff's complaint in *Shakur II* names as Defendants Kehlani Ashley, Parrish Caresha

Brownlee, Eugene or Gene Deal (Head of Security for Combs), and Securitas Inc. (*Shakur II*,

ECF 1 at 1.) Plaintiff states:

> Mr. Combs has established an extremely sophisticated network, per Ms. Ventura's
> lawsuit, and I suspect that Caresha Brownlee, Victoria Norris, Gene Deal, and
> SECURITAS INC. still have ties to that network. Towards the end of Fall 2024,
> Residential Coordinator [at the Post Graduate Center for Mental Health] Ms.
> Norris had asked me about the Nail Services I offer because one of the residents
> was interested in getting their nails done by myself. However, I realized that Ms.
> Norris was speaking in code, as Ms. Ventura stated Mr. Combs was doing to her
> during his BET Lifetime Achievement Award Acceptance Speech to initiate the
> targeted attacks I have been subjected to at my place of residence, as well as
> online.

(*Id.* at 2.)

Plaintiff asserts that on January 28, 2025, she "submitted a grievance to the Post Graduate

Center for Mental Health Headquarters" because she "believed they were participating in

Organized Crime to inflict great bodily harm against her," and the "very next day," a "new

resident" assaulted her "right outside the building." (*Id.* at 2.) Plaintiff claims that she has been

"under heavy surveillance" since Combs's indictment. (*Id.* at 3.) Additionally, Plaintiff asserts

that she experienced a "recent and unlawful hospital stay," which was "part of Mr. Combs

network of Police Officers, Government Officials, and Medical Professionals, per Ms. Ventura's

lawsuit against Mr. Combs."  (*Id.* at 4.)  Plaintiff seeks $925 million in compensatory damages for "Cyber Stalking, Cyber Harassment, Cyber Hacking, Cyber Terrorism, Mental and Emotional Distress, and Invasion of Privacy," and "Punitive Damages for decades of targeting with the intent to cause great bodily harm to" her.  (*Id.* at 5.)

## DISCUSSION

### A.    Plaintiff's Claims Are Frivolous

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious.  28 U.S.C. §1915(e)(2)(B)(i).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'−that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'"  *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).  Moreover, a court has "no obligation to entertain pure speculation and conjecture."  *Gallop*, 642 F.3d at 368.

Plaintiff's claims are premised upon her belief that there is a conspiracy --made up of hospitals, government agencies, Sean Combs, and individuals and entities associated with him, and individual's associated with Plaintiff's current residence -- to stalk her and cause her bodily harm through online and in-person harassment, hacking and terrorism. (*Shakur I*, ECF 1 at 5;

4

*Shakur II,* ECF 1 at 5.) Nevertheless, a "[p]laintiff's beliefs–however strongly [s]he may hold them–are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for her assertions that this conspiracy exists and is targeting her. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414, 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

The Court finds that Plaintiff does not provide any plausible factual support for her claims, and the claims appear to be irrational. *See Livingston*, 141 F.3d at 437. Plaintiff's allegations amount to conclusory claims and suspicions that are not plausible and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").

**B.      Leave To Amend Is Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123–24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).  Plaintiff's complaints do not suggest that she could provide facts that would cure the identified deficiencies.  *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading).  Because Plaintiff cannot cure the defects in her complaints with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses these complaints  as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing these actions.

SO ORDERED.

Dated:    February 12, 2026
              New York, New York

/s/ KIMBA M. WOOD
KIMBA M. WOOD
United States District Judge

6